[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 3, 2010
JOHN LEY
CLERK

No. 10-10748
Non-Argument Calendar
_____

D. C. Docket No. 7:09-cv-00094-SLB


DUNCAN-WILLIAMS, INC.,

                                                        Plaintiff-Appellant,

versus

U.S. BANK NATIONAL ASSOCIATION,

                                                        Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Alabama
_____

(August 3, 2010)

Before BLACK, BARKETT and MARTIN, Circuit Judges.

PER CURIAM:

Duncan-Williams, Inc. appeals the district court's grant of summary judgment in favor of U.S. Bank National Association (U.S. Bank) in Duncan-Williams' action for indemnity or contribution from U.S. Bank. After de novo review, we affirm the district court. *See Rioux v. City of Atlanta, Ga.*, 520 F.3d 1269, 1274 (11th Cir. 2008) (reviewing the district court's grant of summary judgment de novo).

## I. BACKGROUND

On April 20, 2000, the Capstone Improvement District (District), an instrumentality of the state of Alabama, issued $13 million in bonds for the purpose of developing a residential subdivision. Acting as an underwriter of the bond issuance, Duncan-Williams purchased half of the District's bonds and resold them to Ruskin Vest, Industrial Products, Inc., and Teri Jones. U.S. Bank served as the trustee for the bondholders.

Beginning in 2001, construction of the subdivision began to experience cost overruns due to poor management or negligence on the part of the developer, who eventually refused to complete construction. As a result, the bonds defaulted in August of 2003.

Ruskin Vest and Industrial Products filed an action against Duncan-Williams in Tennessee court for violations of the Tennessee Securities Act,

2

negligence, common law fraud, breach of fiduciary duty, and violation of the Tennessee Consumer Protection Act. After the jury ruled against Duncan-Williams, the parties settled the case for $1.2 million before judgment was entered on the jury's verdict.

Teri Jones filed suit against Duncan-Williams and U.S. Bank in Alabama state court, claiming fraud in the issuance of the bonds. Duncan-Williams settled the case for $150,000.

Duncan-Williams thereafter filed an action against U.S. Bank, alleging Duncan-Williams was entitled to indemnity and contribution from U.S. Bank for the amounts paid in settlement. The district court granted summary judgment in favor of U.S. Bank. The court held Alabama law governed Duncan-Williams' claim for indemnity since such claim was based on U.S. Bank's Trust Indenture, which provided that Alabama law would control any dispute arising therefrom. Pursuant to Alabama law, Duncan-Williams waived any argument that an implied right of indemnity arose from the indenture by settling the underlying cases without providing U.S. Bank with proper notice of an intention to seek indemnity. The court alternatively found the indenture did not create an implied right to indemnity because Alabama law generally does not provide for indemnity or contribution between joint tortfeasors.

The district court also rejected Duncan-Williams' claim for contribution. Using Alabama choice of law principles, the court applied the law of the place of the underlying lawsuit: Tennessee law for the Vest case and Alabama law for the Jones case. The court dismissed Duncan-Williams' claim for contribution from the Jones case because, under Alabama law, joint tortfeasors are generally not entitled to contribution. The court also dismissed Duncan-Williams' claim for contribution under Tennessee's Uniform Contribution Among Tort-Feasors Act because the settlement in the Vest case did not extinguish U.S. Bank's potential liability.

## II. DISCUSSION

Essentially, Duncan-Williams contends the district court erred by failing to find a right to contribution or indemnity arose from U.S. Bank's participation in the collective enterprise of the bond issuance.[1] The district court, however, did not err by concluding Duncan-Williams is not entitled to contribution or indemnity under either Alabama law or Tennessee law.[2]

---

[1] Duncan-Williams asserts a genuine issue of material fact exists as to whether U.S. Bank is jointly and severally liable due to the affidavits of John S. Jumper and Duncan F. Williams. For the purposes of this opinion, we will assume without deciding that Duncan-Williams created a material issue of fact on joint and several liability.

[2] Duncan-Williams contends Tennessee law should apply to both underlying cases. As explained below, however, Duncan-Williams' claims fail under both Tennessee law and Alabama law.

4

Under Alabama law, generally "there is no right to indemnity or contribution between joint tortfeasors." *SouthTrust Bank v. Jones, Morrison, Womack & Dearing, P.C.*, 939 So. 2d 885, 899 (Ala. Civ. App. 2005). An exception is made only where a party is liable because of passive negligence, "i.e., liability that the law imposes on one party for the wrongful conduct of another." *Nationwide Mut. Ins. Co. v. Hall*, 643 So. 2d 551, 556 (Ala. 1994). Tennessee applies similar rules with respect to indemnification. *See Owens v. Truckstops of Am.*, 915 S.W.2d 420, 433 (Tenn. 1996) (holding an obligation to indemnify may arise by implication "where one party is held liable solely by imputation of law because of a relation to a wrongdoer"). In the underlying litigation, Duncan-Williams was sued for its own actions rather than the wrongful conduct of U.S. Bank. The district court therefore did not err by dismissing Duncan-Williams' claims for contribution and indemnity based on the Jones case and indemnity based on the Vest case.

In its complaint, Duncan-Williams asserted a claim for contribution based solely on the Uniform Contribution Among Tort-Feasors Act. Tenn. Code Ann. § 29-11-101 to -106 (2010). Section 102(d) provides: "A tort-feasor who enters into a settlement with a claimant is not entitled to recover contribution from another tort-feasor whose liability for the injury or wrongful death is not

extinguished by the settlement . . . ." The district court did not err by dismissing Duncan-Williams' contribution claim based on the Vest case because Duncan-Williams has failed to allege or prove its settlement in the Vest case extinguished U.S. Bank's liability.

## III.   CONCLUSION

The district court did not err by granting summary judgment against Duncan-Williams on its claims for indemnity and contribution. Duncan-Williams is not entitled to contribution or indemnity under Alabama law or indemnity under Tennessee law because its liability was not solely imputed by law from its relationship with U.S. Bank. Moreover, Duncan-Williams has failed to meet the requirements for obtaining contribution found in Tennessee's Uniform Contribution Among Tort-Feasors Act. Accordingly, we affirm.

**AFFIRMED.**